IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| IN RE: : | |
| : | **Chapter 11** |
| TIG PROPERTIES, LLC, : | **Case No. 10-10033-WHD** |
| : | |
| Debtor. : | |
| : | |

**FIRST APPLICATION FOR INTERIM COMPENSATION
AND REIMBURSEMENT OF EXPENSES OF STONE & BAXTER, LLP
<u>AS ATTORNEYS TO THE DEBTOR</u>**

Pursuant to 11 U.S.C. §§330 and 331 and Rule 2016 of the Federal Rules of Bankruptcy Procedure, the firm of Stone & Baxter, LLP ("Applicant") hereby moves this Honorable Court for an order awarding interim compensation from the Debtor for Applicant's hourly fees for professional services rendered to the Debtor for the period commencing January 4, 2010 through April 30, 2010 (the "Application Period"), and for reimbursement of Applicant's actual and necessary expenses incurred during the Application Period. Applicant respectfully represents as follows:

1.

On January 4, 2009 (the "Petition Date"), the Debtor filed a voluntary petition in this Court for reorganization under Chapter 11 of the United States Bankruptcy Code. The Debtor continues to operate its business and manage its property as Debtor-in-Possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

2.

The Applicant filed its Application for Employment by the Debtor on January 6, 2010 and an amended Application on January 14, 2010.

3.

The Application was approved, and an Order was entered on February 5, 2010 authorizing Applicant as attorneys for the Debtor.

4.

Applicant shows that it has represented the Debtor in this case upon a general retainer.

5.

Applicant makes this Application for the period of time beginning January 4, 2010 and ending April 30, 2010, pursuant to 11 U.S.C. § 331 and pursuant to the aforesaid Order authorizing employment of Applicant as attorneys for the Debtor. All services for which compensation is requested as counsel for the Debtor were performed for, or on behalf of, the Debtor, and not on behalf of any committee, creditor or other person. Further, there is no agreement or understanding between Applicant and any other party for the sharing of compensation to be received for services rendered in connection with this matter.

6.

The time expended, work performed and out-of-pocket expenses incurred by Applicant are duly itemized and set forth in Exhibits A-D attached hereto and by reference thereto incorporated herein and made a part hereof. No previous award has been made on account of the services described in Exhibits A-D.

7.

This Application is the First Application by Applicant for fees and expenses, prepared and filed in accordance with the "U. S. Trustee Guidelines for Section 330 Compensation" (the "Guidelines") promulgated by the United States Department of Justice, Executive Office for

United States Trustee, which sets standards for the review of fee applications in all cases filed on or after October 22, 1994, the Guidelines as amended and issued January 30, 1996.

8.

Applicant shows that during the period of time from January 4, 2010 through April 30, 2010, numerous hours of time by the attorneys were expended in performing professional services on behalf of the Debtor as are summarized pursuant to the Guidelines, and as more particularly itemized in Exhibits A-D attached hereto. The reasonable value of such services is $9,658.50 and Applicant requests compensation in said amount.

9.

Applicant further shows that during the period of time from January 4, 2010 through April 30, 2010, Applicant has incurred out-of-pocket expenses in the amount of $1,390.10 as more particularly itemized in Exhibits A-D attached hereto, and Applicant requests reimbursement for said expenses. Applicant shows that Debtor made an initial deposit in the amount of $3,539.00 toward such fees and expenses, leaving a balance due of $7,509.60 as of April 30, 2010.

10.

Applicant addresses the rate and lodestar standards enumerated in <u>Johnson v. Georgia Highway Express, Inc.</u>, 488 F.2d 714 (5th Cir. 1974); <u>Matter of First Colonial Corp. of America</u>, 544 F.2d 1291 (5th Cir. 1977), <u>Cert denied sub nomo</u>, <u>Baddock v. American Benefit Life Ins. Co.</u>, 431 U. S. 904, 97 S.Ct. 1696, 52 L.Ed.2d 388 (1977); <u>Norman v. The Housing Authority of the City of Montgomery, et al.</u>, 836 F.2d 1292 (1988), as follows:

    10.1    <u>Actual time expended in connection with the case</u>.

As enumerated in Exhibits A-D, Applicant has expended 43.10 hours in attorney time during the period covered by this Application.

    10.2    <u>Skill, experience, reputation and hourly rates of attorneys performing services</u>.

    (a)    <u>Christopher W. Terry</u>

43.10 hours were billed by Christopher W. Terry, a partner in the firm. Mr. Terry's hourly rate was $195.00 until January 1, 2010, when the hourly rate increased to $225.00 in bankruptcy matters. Mr. Terry was licensed to practice law in October, 2001 and has been admitted to practice before this Court since March, 2002.

    10.3    <u>Reasonable Hourly Rate</u>

The hourly rate comparisons provided by attorneys in this Application represent the prevailing market rates within the legal community for similar services rendered by lawyers of reasonably comparable skills, experience and reputation. Applicant respectfully requests that this Court take judicial notice that the rates charged by Applicant fall within such prevailing market rates. Such judicial notice is authorized by Federal Rules of Evidence 201(b) in <u>Norman v. The Housing Authority of the City of Montgomery, et al.</u>, 836 F.2d at 1304 (1988). Applicant respectfully submits that the hourly billing rates for attorneys set forth in this Application are set in accordance with prevailing market rates, and in light of the particular lawyer's skill level, as measured by the quality and quantity of experience of the attorney in the particular area of such attorney's expertise.

    10.4    <u>Hours Reasonably Expended</u>.

Applicant respectfully represents that the time itemized in Exhibits A- D includes no excessive, redundant or otherwise unnecessary hours. All of such hours expended would have been expended by Applicant to clients of means who were seriously intent on vindicating rights and protecting interests similar to those of the Debtor. In cases in which more than one attorney is involved on a particular matter, every effort has been made to avoid duplication of efforts and services.

    10.5    <u>Adjustments to Lodestar – Amounts Involved and Results Obtained</u>.

This Application covers the period from the filing of the case through April 30, 2010. During the period covered by the Application, Applicant has assisted the Debtor-in-Possession in the preparation of schedules, a statement of financial affairs, compliance with the initial filing requirements of the United States Trustee's office, and assisting with the setup and preparation of a format for monthly operating reports to be filed with the court. Case administration also included an analysis of the books and records of the Debtor in order to identify and properly list

all assets of the estate, and to identify all claims against and liabilities of the bankruptcy estate and auction and sale of Debtor's assets in this case.

No adjustments to the lodestar are requested at this time.

11.

WHEREFORE, Applicant prays that it be allowed interim compensation as follows: $9,658.50, representing Applicant's attorney fees incurred during the period covered by this Application, plus $1,390.10 representing Applicant's advances and out-of-pocket expenses incurred during the period covered by this Application, for a total of $11,048.60. Applicant shows it has been paid $3,539.00 toward such fees and expenses, leaving a balance due of $7,509.60 as of April 30, 2010.

Respectfully submitted this 7th day of May, 2010.

>STONE & BAXTER, LLP
>BY:
>
>*/s/ Christopher W. Terry*
>Christopher W. Terry
>Georgia Bar No. 702484
>Fickling & Co. Building
>Suite 800, 577 Mulberry Street
>Macon, Georgia 31201
>(478) 750-9898
>(478)750-9899 *facsimile*
>*cterry@stoneandbaxter.com*
>Attorney for Debtor

G:\CLIENTS\TIG Properties\Attorneys\First Appl for Compensation.doc

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| IN RE: | : |
| | : **Chapter 11** |
| **TIG PROPERTIES, LLC,** | : **Case No. 10-10033-WHD** |
| | : |
| Debtor. | : |
| | : |

## **SUMMARY SHEET**

| | |
|---|---|
| Name of Applicant: | Stone & Baxter, LLP<br>577 Mulberry Street<br> Suite 800<br>Macon, Georgia 31201 |
| Date Application for Employment was Filed: | January 6, 2010 |
| Date of Order Authorizing Employment: | February 5, 2010 |
| Professional Served Provided to: | Debtor |
| Period for which Compensation is Sought: | January 4, 2010 through April 30, 2010 |
| Amount of Fees Sought: | $9,658.50 |
| Amount of Expenses Sought: | $1,390.10 |